IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOHAMMED H., <br><br> Petitioner, <br><br> v. <br><br> TODD LYONS, et al., <br><br> Respondents. | Case No. 26-cv-01329-SRB-DJF |

### ORDER

Before the Court is Petitioner Mohammed H.'s ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). (Doc. #1.) Petitioner alleges that he is a citizen of Ethiopia and has resided in Minnesota since 2023. Petitioner alleges he has a pending asylum application but was arrested by immigration officials in Minnesota on February 10, 2026. Petitioner now seeks habeas relief and to be released from custody. Petitioner alleges in part that he is not subject to mandatory detention under 8 U.S.C. § 1225 because he has been living in the United States and is thus not "an applicant for admission." Petitioner further alleges he cannot be detained under § 1226 because he was not arrested with a warrant as required by that statute.

In an Order dated February 11, 2026, the Court issued a Show Cause Order which directed Respondents "to file an answer to the petition for a writ of habeas corpus of petitioner by no later than February 13, 2026[.]" (Doc. #3, p. 1.) Respondents timely filed their response. In part, Respondents argue that "[t]he Court should deny Petitioner's request for habeas relief because his detention is mandatory under 8 U.S.C. § 1225—he is not eligible for bond or a bond hearing." (Doc. #4, p. 1.) Respondents further "acknowledge this case presents similar legal and factual issues to prior habeas petitions." (Doc. #4, p. 3.) Petitioner then filed a reply brief.

Upon review of the record and the parties' briefs, and for the reasons explained by Petitioner, the Court finds that the mandatory detention provision of § 1225(b)(2) does not apply to Petitioner because he already entered and was residing in the United States at the time he was apprehended. In particular, § "1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which by its own force implies a coming from outside." *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), p. 5 (D. Minn. Jan. 8, 2026) (quotation marks omitted). Because Petitioner has been residing in the United States, he is not "seeking admission" into the United States. *Id.* "Even by applying for asylum, a noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful entry into the United States, because the entry, whether lawful or unlawful, occurred years ago." *Id.*, p. 6 (citations and quotation marks omitted).

For the foregoing reasons, and the reasons stated by Petitioner, Petitioner's detention falls under § 1226 and not § 1225. Section 1226 provides that "an alien may be arrested and detained" "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). "It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Joaquin Q.L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (citing and quoting cases). "Release is an available and appropriate remedy for detention that lacks a lawful predicate." *Id.* (citation and quotation marks omitted) (cleaned up). Because Respondents have not argued the existence of, or produced, a warrant directed to Petitioner, Petitioner is entitled to habeas relief and to be released from detention.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and enjoins Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. Respondents shall immediately release Petitioner in Minnesota, but no later than 48 hours from the date of this Order.

4. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

5. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.

6. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

7. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: February 17, 2026                     *s/Stephen R. Bough*
                                            Stephen R. Bough
                                            United States District Judge